UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE SADLIK,

    Plaintiff,

v.

                                          Case No. 08-12936

NORFOLK SOUTHERN RAILWAY CO.,

    Defendant,                                  Hon. John Corbett O'Meara

and

NORFOLK SOUTHERN RAILWAY CO.,

    Defendant/Third-Party Plaintiff,

v.

BLUELINX CORPORATION,

    Third-Party Defendant.

_____/

**ORDER DENYING BLUELINX'S**
**MOTION FOR RECONSIDERATION**

       Before the court is BlueLinx Corporation's motion for reconsideration, filed February 25, 2010. BlueLinx seeks reconsideration of the court's February 11, 2010 opinion and order granting Norfolk Southern Railway Company's motion for summary judgment on Count I of its third-party complaint. The standard for granting a motion for reconsideration is as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(g)(3). The court finds that BlueLinx has not demonstrated a "palpable defect" that, if

corrected, would result in a different disposition of the case.

In its February 11 opinion, the court determined that Norfolk Southern was entitled to indemnification from BlueLinx under Section 8(c) of the parties' sidetrack agreement, which provides that BlueLinx will indemnify the railroad from "any claims, actions or legal proceedings under the Federal Employer's Liability Act . . . alleging or claiming, in legal effect, that the Railroad failed to correct or guard against an unsafe condition or failed to furnish a safe place to work. . . ." Sidetrack Agreement at 6-7. Seeking reconsideration, BlueLinx contends that the language of the sidetrack agreement is similar to the agreements construed in Union Pacific R.R. Co. v. Dolese Bros. Co., 163 Fed. Appx. 652 (10th Cir. 2005) and Illinois Central R.R. Co. v. Standard Oil Co., 292 F. Supp. 337 (S.D. Miss. 1968). BlueLinx has attached a copy of the track agreement from the Union Pacific case to its motion.

A review of the contract language in both cases demonstrates that it is not materially similar to the language interpreted by the court here. In Union Pacific, the defendant agreed to indemnify the railroad for "any act or omission of Industry" or for losses or injuries "*caused directly or indirectly by a breach and/or violation of any of the covenants in this agreement to be kept and/or performed by Industry . . . .*" BlueLinx Ex. A at 6 (emphasis added). The court in Union Pacific determined that the injury was *not caused* by a breach of the defendant's duty under the agreement; therefore, the court determined that the defendant was not required to indemnify the railroad.

In Illinois Central, the contract provided that the shipper was to indemnify the railroad "for loss, damage or injury *from any act or omission of the shipper* . . . while on or about the track. . . ." Illinois Central, 292 F. Supp. at 338 n.1(emphasis added). The court found that injury

was not caused by any act or omission of the shipper and, therefore, the railroad was not entitled to indemnification.

BlueLinx argues that – similar to the defendants in Union Pacific and Illinois Central – it is only required to indemnify Norfolk Southern from FELA claims if BlueLinx breaches its obligations under Sections 3 or 7 of the sidetrack agreement. The court understands BlueLinx's desire for this interpretation; however, the plain language of the sidetrack agreement does not support it. The court is constrained to interpret an unambiguous agreement like the sidetrack agreement as written. The sidetrack agreement does not limit BlueLinx's indemnity obligations with respect to FELA claims only to situations in which BlueLinx was negligent or breached its obligations under Sections 3 or 7. See Sidetrack Agreement at Section 8(c). Rather, the agreement provides that BlueLinx shall indemnify Norfolk Southern from its failure to comply with the requirements set forth in Sections 3 and 7 or "any claims, actions or legal proceedings under the Federal Employer's Liability Act . . . ." Id. This language in the sidetrack agreement is not similar enough to that construed in Union Pacific or Illinois Central for those cases be controlling here.

BlueLinx next argues that the court's order is "premature in light of the various possible jury verdicts that might result in this case." Br. at 12. The remaining claims in this case include Plaintiff's negligence claim against BlueLinx and his FELA claim against Norfolk Southern. Although the court has ruled that Norfolk Southern is entitled to indemnification from BlueLinx with respect to the FELA claim, the court has not ruled on BlueLinx's and Norfolk Southern's indemnification claims under 8(b) of the agreement or on their claims for cost-sharing. BlueLinx contends that the "effect, if any, of this Court's Opinion and Order on those remaining claims

remains unclear." Id. at 13.

At this time, it does not appear to the court that its ruling regarding Section 8(c) of the sidetrack agreement should be affected by a jury verdict, because indemnification under that provision is not dependent on the negligence or non-negligence of BlueLinx or Norfolk Southern. Nor should the court's opinion affect claims upon which it has not ruled. However, BlueLinx may raise the issue again, if appropriate, in a post-trial motion.

BlueLinx also requests that the court certify its February 11 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Sixth Circuit has emphasized that "[r]eview under § 1292(b) should be sparingly granted and then only in exceptional cases." Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993). "To obtain permission to appeal pursuant to § 1292(b), the petitioner must show that: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." Id.

The court is not persuaded that this is an "exceptional" case appropriate for interlocutory review. An immediate appeal of the indemnification issue would not "materially advance the ultimate termination of the litigation," but would likely delay resolution of the remaining claims. Accordingly, the court will deny certification for appeal.

For the foregoing reasons, IT IS HEREBY ORDERED that BlueLinx's February 25, 2010 motion for reconsideration is DENIED.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: April 15, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 15, 2010, using the ECF system and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager