UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE SADLIK,

    Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY
COMPANY,

    Defendant,

and

NORFOLK SOUTHERN RAILWAY
COMPANY,

    Defendant/Third-Party Plaintiff,

v.

BLUELINX CORPORATION,

    Defendant/Third-Party Defendant,
    and Cross-Claimant.
_____/

Case No. 08-12936

Hon. John Corbett O'Meara

## ORDER GRANTING DEFENDANTS'
## JOINT MOTION TO BIFURCATE

Before the court is Defendants Norfolk Southern Railway Company and BlueLinx Corporation's joint motion to bifurcate the liability and damage phases of the trial, filed May 21, 2010. Plaintiff submitted a response on May 24, 2010; Defendants filed a reply brief on May 25, 2010.

Defendants seek to bifurcate the liability and damage phases of the trial in this matter. Pursuant to Fed. R. Civ. P. 42(b), the court may order "a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" "[f]or convenience, to avoid

prejudice, or to expedite and economize." Id. "Rule 42(b) is sweeping in its terms and allows the court, in its discretion, to grant a separate trial of any kind of issue in any kind of case. It follows, therefore, that a decision to try an issue separately will be affirmed unless the potential for prejudice to the parties is such as to clearly demonstrate an abuse of discretion." In re Bendectin Litigation, 857 F.2d 290, 308 (6th Cir. 1988).

Defendants contend that bifurcation is appropriate because (1) the liability and damage phases are easily separated and require different evidence; (2) the liability phase is relatively simple and straightforward compared to the complexity of the medical evidence that will be offered regarding Plaintiff's injuries; (3) a jury decision on the liability phase in favor of Defendants would obviate the need to present the lengthier, more complex damages phase; (4) on the other hand, a jury verdict in favor of Plaintiff could facilitate settlement, again obviating the need to present the damages phase; and (5) neither party would be prejudiced by bifurcation.

Plaintiff opposes Defendants' motion, arguing that some witnesses would need to be called in both phases – such as Plaintiff's treating physicians and co-workers – and that the extent of Plaintiff's injuries supports his version of how the accident occurred. Plaintiff does not specifically identify, however, the witnesses who would need to be called twice. Defendants argue that only two witnesses – Rick Cavalier and David Arnovitz – might be in a position to offer testimony on both liability and damages; according to Defendants, their testimony regarding damages would be very brief. The remaining approximately thirty witnesses specifically identified by Defendants would testify either to liability or damages, but not both. See Defs.' Reply at 2. Further, Defendant contends that there is no medical support in the record for Plaintiff's argument that the extent of his injuries supports his version of how the accident

occurred. See Defs.'s Reply at 4 n.6.

Under the circumstances of this case, where the liability phase is straightforward and the damages phase is lengthy and complex, the court is persuaded that bifurcation would promote convenience, judicial economy, and efficiency. Further, the court finds that bifurcation would not prejudice Plaintiff, who will have the opportunity to fully present his case on liability and then, if appropriate, fully present his case on damages. To promote judicial economy and efficiency, the same jury will hear both phases of the case.

Accordingly, IT IS HEREBY ORDERED that Defendants' May 21, 2010 joint motion to bifurcate is GRANTED.

                                      s/John Corbett O'Meara
                                      United States District Judge

Date: July 16, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 16, 2010, using the ECF system and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager